UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| EMILIO ORTIZ, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:23-cv-254 |
| v. | ) | Judge Atchley |
| R. CATHEY and | ) | Magistrate Judge McCook |
| B. BROCKWEL, | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a pretrial detainee[1] housed in the Loudon County Jail, has filed a pro se civil rights action under 42 U.S.C. 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. The Court will address Plaintiff's motion prior to screening his complaint in accordance with the Prison Litigation Reform Act ("PLRA") to determine whether it states a justiciable claim. 28 U.S.C. § 1915A.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion [Doc. 2] that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding

---

[1] Plaintiff does not disclose his custodial status, but the Court notes he is not listed as an inmate in the publicly available database of the Tennessee Department of Correction. Tenn. Dep't of Corr., "Felony Offender Information," https://foil.app.tn.gov/foil/search.jsp (last accessed July 17, 2023). Accordingly, the Court assumes for present purposes that he was a pretrial detainee at the time of the incidents alleged in his complaint.

monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Plaintiff's Allegations

At approximately 9:45 a.m. on Friday, July 15, 2022, jailers entered Loudon County Jail's C-block day room and commanded the inmates to sit [Doc. 1 p. 3-4]. As Plaintiff moved to take a nearby seat, Defendant Cpl. Cathey "intercepted [Plaintiff] with maliciou[s] intention and without provocation" [*Id*. at 4]. Cpl. Cathey grabbed Plaintiff by the back of his shirt and his collar and began pushing him to another table six feet away [*Id*.]. Surprised and confused, Plaintiff said, "What the hell, you better slow your roll!" [*Id*.]. In response, Cp. Cathey stated, "[Y]ou'll lear[n] to stay in your lane!" [*Id*.]. Plaintiff put his hands out to keep his face from being pushed into the table, but when he did so, someone pulled him back and slammed him against a wall [*Id*.]. Plaintiff heard someone yell, "[G]et him out" [*Id*.].

Plaintiff was "rushed" out of view [*Id*. at 5]. As he neared the door, he extended his left leg to the doorframe, which infuriated the jailers and intensified their assault of Plaintiff [*Id*.]. Plaintiff was "violently assaulted to the floor" [*Id*.]. He heard Defendant B. Brockwel yell, "[M]ove, I've got handcuffs!" as Plaintiff was punched three times in his right side [*Id*.]. Jailer

2

Spears "move[d] in to prevent further assault" of Plaintiff and twisted Plaintiff's arm to get handcuffs on Plaintiff's wrists [*Id.*]. Plaintiff then lost consciousness, but "it was alleged that [he] was carried out" [*Id.*].

Plaintiff awoke in a security chair to hear a female state, "[C]heck if he's breathing" [*Id.*]. Jailer Finger walked toward Plaintiff "with his hand cover[ed] in a cloth with red blotches" [*Id.*]. Plaintiff asked the jailer for a cup of water, and the jailer responded, "I'll get that later" [*Id.*]. Plaintiff was questioned by numerous jailers and moved to a holding cell where his handcuffs were removed [*Id.*]. As Plaintiff was being interviewed, he requested to see a nurse but was told that no nurses were present [*Id.* at 6]. When Plaintiff explained that he was in pain and discomfort, Jailer Beviens brought Plaintiff Tylenol [*Id.*].

Later, Plaintiff was taken from the holding area back to C-block [*Id.*]. On the way, Plaintiff noticed red blotches on his inmate uniform [*Id.*]. He was given a new top and then placed in a cell in C-block [*Id.*]. Plaintiff was told that he would be placed on administrative lockdown until further notice [*Id.*]. Plaintiff filed a grievance regarding these incidents "[t]hat very morning" on July 16, 2022[2] [*Id.*]. Plaintiff also filed several other grievances and medical requests that resulted in medical personnel x-raying his shoulder [*Id.*].

Aggrieved, Plaintiff filed this action for monetary damages against Defendants Cathey and Brockwell in their individual capacities on or about July 11, 2023 [*Id.* at 1, 7].

B.   **Screening Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d

---

[2] Plaintiff misidentified the date as "7/16/2023" [Doc. 1 p. 6].

3

1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

C.      Analysis

Plaintiff has sued Defendants Cathey and Brockwel in their individual capacities, ostensibly, for alleged excessive force [*See generally* Doc. 1][3]. To succeed on such a claim, Plaintiff, a presumed pretrial detainee, must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97

---

[3] In his complaint, Plaintiff makes mention of his requests for water and medical treatment, but he does not appear to allege any constitutional violations related to these requests. Therefore, the Court assumes he included these facts only to completely recount the events leading up to his filing this lawsuit.

4

(2015). "The reasonableness of the force turns on the facts and circumstances of the particular case, and '[a] court must make this determination from the perspective of a reasonable [official] on the scene, including what the [official] knew at the time, not with the 20/20 vision of hindsight.'" *Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023) (citing *Kingsley*, 576 U.S. at 397). Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include the following:

> [T]the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell*, 67 F.4th at 320 (citing *Kingsley*, 576 U.S. at 397).

However, to state a claim against the named Defendants in their respective individual capacities, Plaintiff must also adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

Here, Plaintiff alleges that he was slammed into a wall, "violently assaulted to the floor," and punched three times in the side [*See generally* Doc. 1]. He does not, however, state that either of the two named Defendants took those actions. Specifically, he states only that Defendant

5

Cathey (1) grabbed him by the shirt, (2) pushed him toward another table, and (3) told Plaintiff that he would learn to stay in his own lane [*Id*. at 4]. These allegations are insufficient to plausibly allege a claim of excessive force by Defendant Cathey. *See, e.g., Graham v. Connor*, 490 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Fourth Amendment's standard of "reasonableness" (citation and internal quotation marks omitted); *Searcy v. Gardner*, No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Moreover, Defendant Brockwel is only alleged to have shouted for other jailers to move because he had handcuffs to restrain Plaintiff. Plaintiff does not maintain that Defendant Brockwel was the officer who handcuffed him, and moreover, Plaintiff does not present any facts that would suggest that the fact of handcuffing Plaintiff constituted an act of excessive force [*Id.* at 5].

Nevertheless, because it is possible that Plaintiff may be able to state a claim under § 1983 if he can set forth facts linking the harm he suffered to individuals responsible, Plaintiff will be **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific responsible party **within twenty-one (21) days of entry of this Order**. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff should avoid making legal arguments or supplemental statements of fact in his amended complaint, but rather, he should (1) list his specific allegations of wrongdoing, (2) the constitutional claim he is asserting because of that alleged wrongdoing, (3) the individual(s)

6

responsible, and (4) any injury that resulted. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff has failed to state a viable constitutional claim against a named Defendant, and all claims and Defendants are **DISMISSED** from this action;

7

5. Plaintiff shall have twenty-one (21) days from entry of this Order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

6. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted and for failure to prosecute and comply with an Order of the Court; and

7. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**