# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

EMILIO ORTIZ,                                )
                                             )
        *Plaintiff*,                       )    Case No. 3:23-cv-254
                                             )
v.                                           )    Judge Atchley
                                             )
R. CATHEY and                                )    Magistrate Judge McCook
B. BROCKWEL,                                 )
                                             )
        *Defendants*.                     )

## <u>MEMORANDUM OPINION</u>

Plaintiff is a pretrial detainee proceeding pro se and *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983 [*See* Doc. 4].  On July 19, 2023, this Court entered a Memorandum and Order finding Plaintiff's complaint failed to state a viable constitutional claim against a named Defendant and required him to file an amended complaint within twenty-one (21) days [*Id*. at 7–8].  The Clerk mailed Plaintiff a § 1983 form on the same date [*Id*.].  On August 8, 2023, Plaintiff submitted a letter requesting documents and advising the Court that he had been transferred to the Bradley County Justice Center [Doc. 5].  On the same date, the Clerk mailed another § 1983 form and copy request notice to Plaintiff's new address [*Id*.].  More than twenty-one days have passed since the Clerk mailed a second § 1983 form to Plaintiff's new address, and Plaintiff has failed to file his amended complaint or further communicate with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion),

it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he failed to follow an explicit direction of the Court. Second, Plaintiff's failure to comply with the Court's Order has not prejudiced any Defendant, as no Defendant has been served in this action. Third, Plaintiff was expressly warned that failure to file an amended complaint would result in the dismissal of this case [Doc. 4 at 8]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff was proceeding pro se and *in forma pauperis* in this action and has failed to comply with an unambiguous, express Order of the Court.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Scheduling Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted and for failure to prosecute and comply with an Order of the Court pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

3